IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSPEH AMOS ECKERT, #39809, )
)
      Plaintiff, )
)
vs. ) Case No. 18−cv–1149−JPG
)
JEFFREY ARENDELL, and )
MADISON COUNTY JAIL, )
)
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Eckert, a detainee in Madison County Jail (the "Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious mental health issues in violation of the Fourteenth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff was arrested and detained in Madison County Jail in January 2018. (Doc. 1, p. 4). During booking, Plaintiff was asked for medical information. *Id.* He "told them about [psychological] issues." *Id.* The next day, Plaintiff was taken to the infirmary for medical intake, where he further described his medical history. *Id.* Plaintiff was not put on medication, so after approximately one month, he put in a sick call slip explaining in detail his medical situation and "informing staff of [his] involuntary movement, hearing voices, depression, and anger issues" as well as his inability to sleep regularly. *Id.* Plaintiff also verbally explained that he had been on medication since 2003 and provided "medical staff a list of medication [he] was prescribed by several different psychologists and [psychiatric] doctors and places from where [he] was prescribed and received medication for [his] condition." (Doc. 1, pp. 4-5).

Plaintiff also explained that he received "S.S.I." for these medical issues and that he was not prescribed medication on the streets because his S.S.I. payments and insurance were revoked.

(Doc. 1, p. 5). He further noted that Chestnut Health Services helped him obtain identification so he could get insurance in order to be placed in their crisis center for "suicidal and medical issues." *Id.* He also told the nurse that on March 1, he was supposed to see a psychiatrist, but because he was detained he was "talking to her instead." *Id.* He continued that in May or June 2016, he was placed on medication at the Jail for an attempted suicide and depression. *Id.* The nurse confirmed that she could see that in his file. *Id.* She also told Plaintiff that the doctor likely would not put Plaintiff back on Ativan because she did not like putting individuals on "Benzoes." *Id.* Plaintiff explained that he did not care and that he only wanted relief. *Id.*

The nurse told Plaintiff that she would make a call to Doctor Jeffery Arendell and that there should not be an issue starting Plaintiff on medication. *Id.* She advised Plaintiff to start checking the "med cart" that evening. *Id.* No medications came, however. *Id.* Plaintiff inquired with guards about the issue, and they informed him that the doctor denied him medication because he had not received medications since 2015. *Id.* This is not true because, as noted previously, Plaintiff received medication while he was detained at the Jail in 2016. *Id.*

Plaintiff believes this indicates that the doctor did not look into his medical history or inquire at all into his case before making the decision to deny him. (Doc. 1, pp. 5-6). Plaintiff also believes this decision damaged him and that his treatment has been "seriously and maybe permanently hindered." (Doc. 1, p. 6). Plaintiff is a paranoid psychopath who is bipolar and has manic depression, so he struggles with dealing with everyday issues. *Id.* Plaintiff believes Doctor Arendell denied him his medication, at least in part, to save money for the Jail at the expense of Plaintiff's well-being. *Id.*

Plaintiff requests permanent injunctive relief and monetary damages. (Doc. 1, p. 8).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious mental health issues by depriving him of needed medication, in violation of the Fourteenth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

**Count 1**

During the relevant time period, Plaintiff was a detainee rather than a convicted prisoner. Accordingly, Plaintiff's deliberate indifference to medical needs claim derives from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to deliberate indifference claims raised by pretrial detainees. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). The propriety of applying the more stringent standard to pretrial detainees' conditions of confinement claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015), but the Seventh Circuit has recently clarified that the Fourteenth and Eighth Amendment standards remain "virtually indistinguishable." *Ayoubi v. Dart*, 2018 WL 1445986, No. 17-1662 (7th Cir. Mar. 23, 2018). Under this standard, to state a claim, a prisoner or detainee must show that: (1) he suffered from an objectively

serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff has alleged sufficient facts to state a claim under this standard against Defendant Arendell. With respect to the Jail, however, it is not an appropriate defendant in this case. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit. Count 1 will therefore proceed against Arendell and will be dismissed with prejudice against Madison County Jail.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4) will be addressed in a separate order of this Court.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **ARENDELL** and is **DISMISSED** with prejudice against **MADISON COUNTY JAIL**.

**IT IS FURTHER ORDERED** that **MADISON COUNTY JAIL** is **DISMISSED** with prejudice from this action for the reasons stated herein.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **ARENDELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will

require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Arendell is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 14, 2018**

s/J. Phil Gilbert<br>**United States District Judge**